IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
MARK GOTTLIEB, ET AL.,       )
                             )
     Plaintiffs,             )
                             )
        v.                   )
                             )    1:10cv1215
RYERSON, INC.,               )
                             )
     Defendant.              )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Ryerson, Inc.'s ("Defendant" or "Ryerson") Motion to Dismiss ("MTD"). For the following reasons, the Court will deny dismissal.

**I. Background**

Plaintiffs Mark and Sharon Gottlieb ("Plaintiffs" or "the Gottliebs") are suing Defendant for its alleged failure to honor the warranty on its roofing system. According to the Complaint, on May 18, 1993, Plaintiffs contracted with Mike's Roofing, Inc., for the installation of a "Ryerson ColorKlad" galvanized steel "System I" roof on their gazebo and house. (Complaint [Dkt. 1.] ("Compl") ¶ 4.) The roof was to be installed on the gazebo beginning in June 1993 and on the house beginning in November 1995. (Compl. ¶ 5.) The gazebo roof was

installed without issue and pictures of it were used in Ryerson advertising materials. (Compl. ¶ 6.)

Ryerson provided a 20-year warranty on its ColorKlad roofing system. (Compl. ¶ 7.) Plaintiffs were provided with Ryerson advertising materials stating that this warranty was "low-risk, no-nonsense, [and] ironclad." *Id.* The materials also stated that the warranty would be honored "<u>at any time and as often as needed within the 20-year period</u>" from the date of installation. (Compl. ¶ 29 (emphasis in original).) And they stated that "[y]our ColorKlad warranty give [sic] you <u>complete repair or replacements</u> of any covered problem--freight and labor included." *Id.* (emphasis in original).

By 2005, the roof on Plaintiffs' house began to peel away and to show signs of deterioration. (Compl. ¶ 8.) By the fall of 2008, the signs of deterioration became significant, and Plaintiffs' contacted a Ryerson representative to express their displeasure. (Compl. ¶ 9.) For the next 16 months, Plaintiffs attempted to contact Ryerson representatives regarding their roof, but their calls and emails were largely ignored. (Compl. ¶ 10.)

In January, 2010, Ryerson representative Wayne Polston contacted Plaintiffs. (Compl. ¶ 11.) In a January 8, 2010 email, Polston admitted that there was "a delamination issue on the top surface of the ColorKlad roof" and recommended that

Plaintiffs hire Jim Talley of Roof Consulting Services, Inc. ("RCS") to determine its exact cause. *Id.* Later that day, Plaintiffs contacted Talley and hired RCS. (Compl. ¶ 12.) Talley then informed Polston that there were significant signs of surface rust that appeared to result from failure of the finish coat on the metal-paneled roof. (Compl. ¶ 13.) Talley told Polston that the roof needed to be removed or replaced and requested feedback regarding Ryerson's willingness to honor its warranty. *Id.* No further communication was received from Ryerson in response to Talley's email. (Compl. ¶ 14.)

On April 20, 2010, Plaintiffs engaged R.D. Bean, Inc. to replace the roof and to avoid further damage, as recommended by RCS. (Compl. ¶ 16.) Plaintiffs are now suing Ryerson for the cost of RCS's report and R.D. Bean's work. Count 1 of the Complaint alleges breach of warranty and Count 2 alleges violation of the Virginia Consumer Protection Act. Defendant moved to dismiss Count 2 on November 3, 2010. Plaintiffs filed a memorandum in opposition ("Opp.") on November 12, 2010. [Dkt. 7.] The Motion to Dismiss Count 2 is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding such a motion, a court must first be mindful of the liberal pleading standards

under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  A court must take "the material allegations of the complaint" as admitted and liberally construe the complaint in favor of a plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).  Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level."  *Id.* at 1965.  In its recent decision, *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) test.  First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth.  *Id.* at 1951.  "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice.  *Id.* (citations omitted).  Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its

4

judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully". *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

The Virginia Consumer Protection Act ("VCPA") was enacted with the "intent of the General Assembly . . . to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code. Ann. § 59.1-197. Count 2 of the Complaint alleges violation of Sections 59.1-200(A)(6) & (14) of the VCPA. These sections make it unlawful for a "supplier in connection with a consumer transaction" to "misrepresent[] that goods and services are of a particular standard, quality, grade, style, or model," § 59.1-200(A)(6), or to "[use] any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction," § 59.1-200(A)(14).

Both sections apply only to misrepresentations of *fact*, not *opinion*. *Lambert v. Downtown Garage, Inc.* 262 Va. 707, 712-13 (2001). There is no "bright line test," however,

5

for ascertaining "whether false representations constitute matters of opinion or statements of fact." *Id.* (quotation omitted). Still, "[c]ommendatory statements, trade talk, or puffing, do not constitute fraud because statements of this nature are generally regarded as mere expressions of opinion which cannot rightfully be relied upon, at least where the parties deal on equal terms." *Id.* at 713 (quotation omitted).

Defendant argues *all* of Ryerson's alleged statements to Gottlieb are statements of opinion, not fact. (MTD at 4-6.) Defendant cites two cases for this proposition, neither of which serve it well. First, Defendant cites *Lambert v. Downtown Garage*, a case in which a statement that a vehicle was in "excellent" condition was found (not surprisingly) to be a statement of opinion. 262 Va. at 713. Second, Defendant cites *Cooper v. GGGR Investments, LLC*, 334 B.R. 179 (E.D. Va. 2005), in which this Court found that a statement in a solicitation letter saying "[w]e make no guarantees but there is little if any risk on your part and a significant amount of potential upside if we can structure a mutually agreeable arrangement" was a statement of opinion under the VCPA. *Id.* at 192.

The statements at issue in *Lambert* and *Cooper* resemble the statement in this case that the warranty was "low-risk, no-nonsense, [and] ironclad." But the same is not true for statements that the warranty will be honored "<u>at any time and as</u>

6

<u>often as needed within the 20-year period</u>" from the date of installation, (Compl. ¶ 29 (emphasis in original)), or that "[y]our ColorKlad warranty give [sic] you <u>complete repair or replacements</u> of any covered problem--freight and labor included," *Id.* (emphasis in original). The latter two statements are unequivocal, specific, and factual. They may therefore support a claim under the VCPA.

**IV. Conclusion**

For the reasons stated above, the Court will deny Defendant's Motion for Dismissal.

|  |  |
|---|---|
| | /s/ |
| December 22, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |